UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RAYNELL CLARK,

    Plaintiff,

v.                                  Case No. 8:16-cv-2666-T-33MAP

SAFECO INSURANCE COMPANY OF
ILLINOIS,

    Defendant.
_____/

**ORDER**

    This cause comes before the Court sua sponte. For the reasons that follow, this case is remanded to the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida.

**Discussion**

    This action was removed to this Court from the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida on September 16, 2016, on the basis of diversity jurisdiction. (Doc. # 1). When jurisdiction is premised upon diversity of citizenship, 28 U.S.C. § 1332(a) requires among other things that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." If "the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and

may require evidence relevant to the amount in controversy at the time the case was removed." Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). When "damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." Lowery v. Ala. Power Co., 483 F.3d 1184, 1208 (11th Cir. 2007).

The Complaint does not state a specified claim to damages. (Doc. # 2 at ¶ 1) (stating "[t]his is an action based on uninsured/underinsured motorist coverage for damages in excess of $15,000"). In its Notice of Removal (Doc. # 1), Defendant Safeco Insurance Company of Illinois relies on a pre-suit demand letter to establish that the amount in controversy exceeds the $75,000 jurisdictional threshold. (Id. at ¶ 9). In that letter, Plaintiff Raynell Clark demanded the policy limits of $100,000 and listed damages totaling approximately $130,000. (Id., Ex. B at 5). Because the demand letter outlines damages in excess of $75,000, Safeco contends that it has established the amount in controversy by the preponderance of the evidence.

The Court disagrees. Demand letters do not automatically establish the amount in controversy. Lamb v. State Farm Fire Mut. Auto. Ins. Co., No.3:10-cv-615-J-32JRK, 2010 WL 6790539,

2

at *2 (M.D. Fla. Nov. 5, 2010) (stating that demand letters and settlement offers "do not automatically establish the amount in controversy for purposes of diversity jurisdiction"); Piazza v. Ambassador II JV, L.P., No. 8:10-cv-1582-T-23EAJ, 2010 WL 2889218, at *1 (M.D. Fla. July 21, 2010)). A review of the pre-suit demand letter shows that Clark has only incurred $13,343 in medical bills thus far. (Doc. # 1, Ex. B at 5). The remaining damages are divided between $50,000 in loss of enjoyment of life and pain and suffering, and $60,000 in future medical treatment for the next twenty years. (Id.). As only $13,343 in economic damages have been incurred, with the remaining damages speculative, the letter's demand for an amount over the $75,000 is an aggressive negotiating tactic rather than an accurate assessment of the amount in controversy.

In sum, the record does not show by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. The Complaint alleges a nonspecific amount and the pre-suit demand letter is mere posturing because it presents only proven damages of approximately $13,500, while speculating that future medical costs and pain and suffering damages will surpass the policy's limits of $100,000. As such, the Court determines Safeco has not sufficiently demonstrated

that the jurisdictional amount-in-controversy threshold has not been satisfied. Accordingly, this case is remanded to the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The Clerk is directed to **REMAND** this case to the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida.

(2) The Clerk is further directed to terminate any previously scheduled deadlines and hearings, and thereafter **CLOSE THIS CASE.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 26th day of September, 2016.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE